[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR PARTIAL DISMISSAL OFPLAINTIFF'S FIFTH AMENDED COMPLAINT
At oral argument, plaintiff's counsel conceded that the Motion relating to the Second Count of his Fifth Amended Complaint should be granted.
As to the Third Count plaintiff has argued that this count was not a claim for violation of Conn. Gen. Stat. § 46(a)-60.
Plaintiff has variously argued that the Third Count stated a cause of action against the defendant for a violation of Conn. Gen. Stat. §§ 31-273 and 31-313 and for the first time, during argument, Conn. Gen. Stat. § 31-290a. This court, analyzing the language the plaintiff uses, cannot construe the Third Count to be anything other than an alleged cause of action for a violation of Conn. Gen. Stat. § 46(a)-60. The Third Count of the plaintiff's complaint reads, in pertinent part,
 1. The Defendant ShopRite Supermarkets did violate Connecticut General Statutes Section 46(a)-60, Discriminatory Labor Practice, Disability by the following:
 a. In THAT, the Plaintiff was discriminated against by the Defendant due to a physical disability, a back injury, sustained while in the course of the defendant's employment, specifically by,
 1. failing to accommodate the Plaintiff's physical disability by not providing "light duty" work in accordance with Conn. Gen. Stat. Section 31-313. . . .
Conn. Gen. Stat. §§ 31-275 and 31-290a are not even referenced in the entire Plaintiff's Third Count. The Third Count, fashioned as it is, can only be read as a claim under Conn. Gen. Stat. § 46(a)-60 and must not stand.
Defendant's Motion for Partial Dismissal of Plaintiff's Fifth Amended Complaint is granted. CT Page 11941
LEONARD W. DORSEY STATE TRIAL REFEREE